# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **LARRY STEPHEN MCBRIDE, SR.** | **CIVIL ACTION NO. 03-0264** |
| **-vs-** | **JUDGE LITTLE** |
| **WILLIAM EARL HILTON, et al.** | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate suggesting that the motion to dismiss filed by defendant Earl Hilton ("Hilton") and the motions for summary judgment filed by defendants Brian Frost ("Frost") and Mark Rogers ("Rogers") be granted and that the civil rights complaint filed by pro se plaintiff Larry Stephen McBride, Sr. ("McBride") under 42 U.S.C. § 1983 be dismissed with prejudice. McBride, Frost and Rogers have all filed timely objections to the magistrate's report.[1]

## Claims Against Hilton

McBride does not object to the magistrate's findings with respect to Hilton. After review, this court adopts the reasoning and conclusions of the magistrate with respect to Hilton's motion to dismiss.

---

[1] This court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1) (2002); LR 74.1W(B) (2004). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

## Claims Against Rogers

McBride does not object to the magistrate's findings with respect to Rogers. After review, this court adopts the reasoning and conclusions of the magistrate with respect to the motion filed by Rogers.

## Claims Against Frost

The magistrate in the report and recommendation addressed first the issue of preclusion based on the reasoning of Heck v. Humphrey. 512 U.S. 477 (1994). After disposing of this issue, the magistrate addresses qualified immunity, finding that both Rogers and Frost were entitled to qualified immunity. The court agrees with this conclusion but avoids resolving the preclusion issue.

The Fifth Circuit has stated that "it is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible." Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). The Supreme Court stated in Mitchell v. Forsyth, that qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." 472 U.S. 511, 526 (1985); see also Siegert v. Gilley, 500 U.S. 226, 231-33 (1991) (noting that "[o]ne of the purposes of immunity, absolute or qualified, is to spare the defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"). In essence, the rationale for considering absolute immunity prior to preclusion applies to qualified immunity cases as well. We therefore here consider the qualified immunity issue before

2

considering preclusion.

This court finds that Frost is entitled to qualified immunity for all claims against him by McBride. We therefore need not reach the issue of preclusion and we decline to do so. The motion for summary judgment filed by Frost is GRANTED.

## **Conclusion**

Accordingly, McBride's complaint against Hilton, Rogers and Frost is DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

20 December 2005

_____
F.A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE